BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>REAL PROPERTY LOCATED AT 705 THROUGH 709 SOUTH CALIFORNIA STREET, STOCKTON, CALIFORNIA, SAN JOAQUIN COUNTY, APN: 149-084-06, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>    Defendant. | 2:12-CV-00811-JAM-EFB<br><br>STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER |

The United States of America and claimants Sam Luigi Toccoli, Lisa Toccoli Stenard and Albert Toccoli, by and through their respective counsel, hereby stipulate that a stay is appropriate in the above-entitled action, and request that the Court enter an order staying further proceedings until February 4, 2013.  The basis for the proposed stay is the related criminal action against two individuals charged with cultivating marijuana at the defendant property, <u>United States v. Brandon Conley</u>, 2:12-CR-00077-JAM, and the ongoing criminal investigation into marijuana cultivation at the defendant property.

    1.    The Beverly J. Toccoli Marital Deduction Trust U/A/D 8/11/99 is record

1  owner of a one-half undivided seventh-eighths interest.  The S.L. Toccoli Survivor
2  Trust U/A/D 8/11/99 is the record owner of a one-half undivided seventh-eighths
3  interest.  Allyal Properties, a California General Partnership, is the record owner of an
4  undivided one-eighth interest.  Each of the claimants has filed a claim to the defendant
5  property based on various interests connected to the above-identified trusts and/or
6  business entities.

7      2.     The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21
8  U.S.C. § 881(i).

9      3.     To date, two individuals have been charged with federal criminal crimes
10 related to marijuana cultivation at the defendant property, <u>United States v. Brandon
11 Conley</u>, 2:12-CR-00077-JAM.  (None of the claimants have been charged with any
12 criminal offense by state, local, or federal authorities.)  It is the United States' position
13 that the statute of limitations has not expired on potential criminal charges relating to
14 the marijuana grow at the defendant property.  The United States intends to depose
15 those charged with crimes connected to the marijuana grow at the defendant property
16 regarding their knowledge and/or participation in the large scale marijuana cultivation
17 and property ownership.  If discovery proceeds at this time, these individuals, or some
18 of them, will be placed in the difficult position of either invoking their Fifth
19 Amendment rights against self-incrimination or waiving their Fifth Amendment rights
20 and submitting to a deposition and potentially incriminating themselves (at least one
21 individual prior to a criminal trial).  If they invoke their Fifth Amendment rights, the
22 United States will be deprived of the ability to explore the factual basis for the claims
23 they filed with this court.

24     4.     In addition, claimants intend to depose, among others, the agents
25 involved with this investigation, including but not limited to the agents with the Drug
26 Enforcement Administration and the Internal Revenue Service.  Allowing depositions
27 of the law enforcement officers at this time would adversely affect the ability of the
28 federal authorities to prepare for the criminal trial and/or further investigate the

alleged underlying criminal conduct.[1]

5. The parties recognize that proceeding with these actions at this time could have potential adverse effects on the investigation of the underlying criminal conduct and/or upon the claimants' ability to prove their claim to the property and to assert any defenses to forfeiture. For these reasons, the parties jointly request that these matters be stayed until February 4, 2013, in accordance with the terms of this stipulation. At that time the parties will advise the court of the status of the criminal investigation and will advise the court whether a further stay is appropriate.[2]

Dated: 12/4/12                                         BENJAMIN B. WAGNER
                                                       United States Attorney

                                               By:     /s/ Kevin C. Khasigian
                                                       KEVIN C. KHASIGIAN
                                                       Assistant U.S. Attorney

Dated: 12/4/12                                         /s/ Kenneth C. Mennemeier, Jr.
                                                       KENNETH C. MENNEMEIER, JR.
                                                       Attorney for claimants
                                                       (Authorized by phone)

## ORDER

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i) until February 4, 2013. On or before February 4, 2013, the parties will advise the court whether a further stay is appropriate.

IT IS SO ORDERED.

Dated: 12/5/2012                                       /s/ John A. Mendez
                                                       JOHN A. MENDEZ
                                                       United States District Court Judge

---

[1] Claimants have issued written discovery to the United States concerning the marijuana evidence used to support the forfeiture complaint. Any discovery obligations are stayed in light of this Stipulation. The claimants reserve the right to summarily adjudicate the issues relative to their interest in the defendant property once the stay has been lifted and discovery completed.

[2] The parties filed a joint status report in the case on July 25, 2012. ECF No. 14. The parties will file an amended joint status report once the stay is lifted.