BENJAMIN B. WAGNER
United States Attorney
JEFFREY A. SPIVAK
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-CV-00811-TLN-EFB |
| Plaintiff, | |
| v. | *AMENDED* FINAL JUDGMENT OF FORFEITURE |
| REAL PROPERTY LOCATED AT 705 THROUGH 709 SOUTH CALIFORNIA STREET, STOCKTON, CALIFORNIA, SAN JOAQUIN COUNTY, APN: 149-084-06, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| Defendant. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1.   This is a civil forfeiture action against the following real property located at 705 through 709 South California Street, Stockton, California, San Joaquin County, APN: 149-084-06, including all appurtenances and improvements thereto (the "defendant property"), and more fully described in Exhibit A attached hereto and incorporated herein by reference.

2.   A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on March 29, 2012, alleging the defendant property is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

1

*Amended* Final Judgment of Forfeiture

3. On March 30, 2012, the defendant property was posted with a copy of the Complaint and Notice of Complaint.

4. Beginning on May 4, 2012, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed on June 21, 2012.

5. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals or entities:

    a. Sam Luigi Toccoli
    b. Alexandre Toccoli
    c. Lisa Toccoli Stenard
    d. Albert Toccoli

6. Claimants Sam Luigi Toccoli, Lisa Toccoli Stenard, and Albert Toccoli (hereafter "claimants") filed verified claims alleging an interest in the defendant property on April 30, 2012. Claimants filed answers on May 1, 2012. No other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

7. The Clerk of the Court entered a Clerk's Certificate of Entry of Default against Alexandre Toccoli on August 8, 2012. Pursuant to Local Rule 540, the United States requests, and claimants do not oppose, that as part of the *Amended* Final Judgment of Forfeiture in this case, the Court enter a default judgment against the interest, if any, of Alexandre Toccoli without further notice.

8. While this action was pending, a fire occurred on the defendant property. As a result of the fire, an insurer paid claimants for damage to the property resulting from the fire. In this action, the United States sought forfeiture of those fire insurance proceeds, contending those proceeds constituted part of the res in this civil forfeiture action. Claimants contested that claim, contending that the fire insurance proceeds were not part of the res and could not be made part of the res in this civil forfeiture action. Also while this action was pending, claimants received a written offer to buy the defendant property.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. On September 12, 2013, the United States received a cashier's check in the amount of $220,000.00 from claimants. All right, title, and interest of claimants Sam Luigi Toccoli, Lisa Toccoli Stenard, and Albert Toccoli in said funds shall be substituted for the defendant property and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

3. Judgment of forfeiture is further entered as to all potential claimants who have not filed claims in this action. As a result of that judgment of forfeiture, no such potential claimant shall be permitted to make a claim to the defendant property.

4. Within ten days of the entry of this *Amended* Final Judgment of Forfeiture, the United States shall submit for recording a Notice of Withdrawal of Lis Pendens against the defendant property.

5. Payment of the $220,000.00 and the entry of this *Amended* Judgment will resolve the United States' entire forfeiture action against the defendant property, including the United States' claim to the fire insurance proceeds referenced above.

6. The United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of or in any way connected with the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint, as well as to those now known or disclosed. The parties waived the provisions of California Civil Code § 1542.

7. That pursuant to the stipulation of the parties, and the allegations set forth in the Complaint filed on March 29, 2012, the Court finds that there was reasonable cause for

the posting of the defendant property, and for the commencement and prosecution of this forfeiture action, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

8.All parties are to bear their own costs and attorneys' fees.

9.The U.S. District Court for the Eastern District of California shall retain jurisdiction to enforce the terms of this *Amended* Final Judgment of Forfeiture.

SO ORDERED THIS 16th day of September, 2013.

_____
Troy L. Nunley
United States District Judge

### CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint filed March 29, 2012, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant property, and for the commencement and prosecution of this forfeiture action.

DATED: September 16, 2013

_____
Troy L. Nunley
United States District Judge

# EXHIBIT A

Real property located at 705 through 709 South California Street, Stockton, CA

The South 50 feet of each of Lots Eight (8), Ten (10) and Twelve (12), in Block D East of Center Street, in the said City of Stockton, according to the Official Map or Plat thereof, San Joaquin County Records.

Also that certain parcel of land formerly included within Scott's Avenue adjoining these premises on the South; Bounded on the North by the south line of Block "D" EAST OF CENTER STREET; on the East by the West line of California Street; on the West by the East line of Sutter Street, and on the South by the North line of Block twenty-five (25), SOUTH OF MORMON CHANNEL in the said City of Stockton, according to the Official Map or Plat thereof, San Joaquin County Records.

EXCEPT the West 150 feet thereof conveyed to Union Building and Realty Company, a corporation, by deed recorded July 26, 1956, in Vol. 1888 of Official Records, page 521.

Also Excepting the Southerly 25.03 feet thereof.

APN: 149-084-06